ORDER OF REMAND
GARY P. SULLIVAN, Chief Justice.
PETITION FOR REVIEW having been filed on May 1, 2000, by the Fort Peck Sioux General Council, from a denial of a Motion for Preliminary Injunction and Emergency Hearing, the Honorable Chief Judge A.T. Stafne, presiding, and good cause appearing therefor, this Court finds:
1. In FPCOA# 350 this Court denied a Petition for Review filed by elected officials of the appellant herein. The Petition resulted from three (3) separate orders denying their Petition for Order to Restrain various officials of the Cities and County ‘within the boundaries of the Fort Peck Indian Reservation’, as well as State of Montana and Fort Peck Tribal officials from entering into an agreement for the ‘cross deputization’ of certain law enforcement officers which would grant authority to arrest Indians within the exterior boundaries of the Fort Peck Tribal Reservation.
2. Following the denial of their Petition, appellants, on or about April 25, 2000, filed a complaint seeking declaratory relief, challenging the constitutionality of Title III CCOJ 2000 § 208. Concurrent with the filing of their complaint, appellants filed a Motion for Preliminary Injunction and Emergency Hearing[1].
3. On April 26, 2000, the Tribal Court, without comment, denied appellants’ motion for injunctive relief.
4. Injunctive relief is governed by Title VIII CCOJ 2000 § 402[2]. Inasmuch as *197 the Tribal Court denied appellants’ motion without comment, it is impossible for this Coui't to review the denial for error.
THEREFORE, IT IS THE ORDER OF THIS COURT THAT:
This matter is remanded to the Tribal Court with instructions to either: 1) Set a hearing date for the preliminary injunction and issue its findings and order thereafter, or, alternatively, 2) Issue an order without granting a hearing, setting forth in the order the legal basis and rationale for the Court’s order.
The Clerk of this Court is instructed to serve a copy of this order on all of the litigants herein.
IT IS SO ORDERED.

. The complaint and motion were filed stamped by the Court on April 25, 2000, however, neither document was signed by the appellants until April 26, 2000.

. Sec. 402. Preliminary injunctions.
A preliminary injunction restrains activities of a defendant until the case can be deter *197 mined on the merits. No preliminary injunction shall be issued without notice to the adverse party and an opportunity to be heard, and no preliminary injunction shall be issued absent clear and convincing proof by specific evidence that the applicant will suffer irreparable harm during the pendency of the litiga-lion unless a preliminary injunction is issued, that the applicant has a high likelihood of success on the merits, and that the balance of equities favors the applicant over the party sought to be enjoined. The Court may dissolve or modify a preliminary injunction at any time as the interests of justice require.